UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 08-CV-18-KKC

JORGE J. SOLANO-MORETA                                                                    PETITIONER

v.                    **MEMORANDUM OPINION AND ORDER**

WARDEN HECTOR A. RIOS                                                                    RESPONDENT

Jorge J. Solano-Mortea is currently incarcerated in the United States Penitentiary-Big Sandy, located in Inez, Kentucky ("USP-Big Sandy").[1] The petitioner has filed a *pro se* petition for writ of habeas corpus [Record No. 2]. He has paid the $5.00 filing fee [Record No.3].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED RESPONDENT

The petitioner has named Hector A. Rios, the warden of USP-Big Sandy, as the respondents

---

[1] The petitioner's last name is actually "**Solano-Moreta**" not "Moreta." The Clerk will be directed to correct the petitioner's name and to note the proper designation of his name in the case caption and all further docket entries in this proceeding.

in this proceeding.

## CLAIMS

The Petitioner seeks release from custody on the basis that his sentence was rendered in violation of the Due Process Clause of the United States Constitution. At a minimum, he seeks a new sentence on his criminal convictions.

## PETITIONER'S CRIMINAL HISTORY
### 1. Indictment and Sentence

On June 7, 1995, in the United States District Court for the District of Puerto Rico (San Juan Division), thirty-seven defendants, including Petitioner Solano-Moreta, were indicted in connection with a violent drug conspiracy. *See United States of America v. Jorge J. Solano-Moreta*, et al., 3:95-CR-00160 (Hon. Salvador E. Camellias, presiding) ("the Trial Court').

On May 29, 1996, the day that he was scheduled to go to trial, Petitioner Solano-Moreta, the leader of the organization, pled guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) (Count Two), and to carrying firearms in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and (2) (Count Four). The plea was entered pursuant to the terms of a Fed. R. CIM. P. 11(e)(1)(C) plea agreement.

In December of 1996, and in March of 1997, the petitioner moved to withdraw his plea of guilty, asserting that an agreement outside the bounds of the plea agreement had induced his plea and that his former counsel had not challenged audiotapes or explained the plea agreement to him fully. The Trial Court held evidentiary hearings on December 19 and December 27, 1996, and denied the motion on January 23, 1997. When the petitioner appeared for sentencing, he again informed the court that he wished to withdraw his plea. Another motion to that effect was filed on May 21, 1997.

In addition to requesting reconsideration of the court's previous rulings, this motion added further claims of involuntariness; claimed that previous counsel had an unexplored conflict of interest; and asserted that the indictment was defective.

On December 10, 1997, after another evidentiary hearing, the motion was denied. The Trial Court issued an extensive opinion and order exploring and analyzing the merit of the petitioner's arguments. On December 29, 1997, pursuant to the terms of the Fed. R. Crim. P. 11(e)(1)(C) plea agreement, which the Trial Court accepted at sentencing, the petitioner was sentenced to a term of imprisonment of four hundred eighty (480) months on Count Two, and a consecutive term of sixty (60) months on Count Four, for a total sentence of five hundred forty (540) months (45 years) imprisonment, to be followed by a supervised release term of five (5) years. He was also ordered to pay a special monetary assessment of $100.00 ($50.00 per count).

2. Direct Appeal

On December 29, 1997, the day his sentence was imposed, the petitioner filed an appeal with the First Circuit Court of Appeals, focusing his arguments on the district court's denial of his plea withdrawal motions. On December 1, 1998, in an unpublished decision, the Court of Appeals found the petitioner's arguments to be without merit and affirmed his conviction and sentence. *See United States v. Solano-Moreta*, 187 F.3d 624, 1998 WL 1085815 (1st Cir. (Puerto Rico))( Table).

3. Motion to Vacate under 28 U.S.C. § 2255

On June 23, 2005, the petitioner filed, through counsel, in the trial court, a petition to vacate or correct his criminal sentence pursuant to 28 U.S.C. § 2255. *See Jorge M. Solano-Moreta v. United States of America*, 3:05-CV-01692-SEC [*Id.*, Record No.1]. The United States filed a motion to dismiss the § 2255 motion, on several grounds [*Id.*, Record No. 4].

3

The United States first argued that other than having cited *Blakely v. Washington*, 524 U.S. 596, 124 S. Ct. 2531 (2004), the petitioner's § 2255 motion was totally lacking in factual and legal content [*Id*., Record No. 4, p.4].[2]

The second ground asserted was that the petitioner's § 2255 motion was time-barred under § 2255, ¶ 6(1) and applicable case law [*Id*., p.5]. The United States noted that the First Circuit had affirmed the petitioner's direct appeal on December 1, 1998. Petitioner had one year from March 1, 1999 in which to file a § 2255 motion: to wit, he had until March 1, 2000. The petitioner did not file his § 2255 petition until over five years later, on June 23, 2005 [*Id*.].

The third ground asserted was that under applicable law of the First Circuit, the *Blakely* holding is not retroactively applicable to cases on collateral appeal [*Id*]. The United States further noted that even though *Blakely* could not have been asserted in the 1997-98 time frame, the petitioner could have argued, when he was sentenced, that the mandatory guidelines system was unconstitutional. [*Id*. at p.6]

The fourth ground asserted was that the judge-made findings supported the 75-month upward departure of the United States Sentencing Guideline ("GSSG") §66B1.2(c)(2), and that the upward departure did not violate the petitioner's rights under the Sixth Amendment [*Id*., pp. 7-10]. Describing the conduct for which the petitioner was indicted as "egregious," the United States argued that the 75- month upward departure was not unreasonable because it ". . was not judicially initiated but instead the result of a negotiated plea bargaining between the Government and a represented

---

[2] In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536

4

defendant, where the reasons were well-justified by the Court, and where the applicable count carried a maximum of life imprisonment . . . ."[*Id.*, p.9].

The government stated: "The petitioner entered his plea of Guilty with a full understanding that the projected Guidelines imprisonment range was 324- 504 months, but that he was going to receive a prison sentence of 540 months." [*Id.*.p.7]. The United States explained that even under an advisory GSSG scheme, the sentence would be fair. [*Id.* at pp. 9-10]. The government further argued that the petitioner could have received a longer sentence had it not been for "the many Guideline provisions that applied in the case and the prosecutorial-defense balance that the Guidelines seek to achieve." [*Id.*, p.9].

### 4. Ruling on § 2255 Motion

On July 23, 2007, the Trial Court entered an "Opinion and Order" dismissing the petitioner's § 2255 motion [*Id.*, Record No. 11]. The grounds for the dismissal were that the petitioner's one page motion was totally lacking in substance. The Trial Court determined that the bare-bones motion essentially required the United States, and the Court, to guess what specific challenges were being asserted, even though the petitioner had counsel assisting him in the filing of the § 2255 motion. [*Id.*].

Specifically, the Trial Court informed the plaintiff that he was under a duty to spell out his claims. The Trial court concluded that "We see no reason why this Court should dedicate its valuable time and resources in doing counsel's work." [*Id.*].[3]

### 5. Allegations of Current § 2241 Petition

---

[3] The petitioner states in his § 2241 petition that he also filed a "Motion to Set aside the Judgment" under Fed. R. Civ. P. 60(b)(4) [See this action, Record No. 2, p.2] . He states that the Trial Court denied that motion on June 19, 2006.

5

The petitioner enumerates five (5) grounds in support of his § 2241 petition. First, the petitioner asserts that he is actually innocent of using a firearm in violation of 18 U.S.C. § 924 (c)(1). He states that he was not actively using or employing the firearm at the time. He states that the firearm was found in his apartment, not in his vehicle. The petitioner is therefore asserting a claim under *Bailey v. United States*, 516 U.S. 137 (1995).[4]

The second, third and fourth arguments advanced by the petitioner were that his plea of guilty to the "Continuing Criminal Enterprise" covered dates of criminal activity which were not alleged in the indictment under 18 U.S.C. § 848. He alleges that because he was in state custody in from January,1992, until January, 1993, he could not have been participating in or directing a continuing criminal enterprise during the year of 1992. For this reason, he contends that he is "actually innocent" of the continuing criminal enterprise charge.

Fifth and finally, the petitioner's claim that he has consistently received ineffective assistance of counsel. He alleges that his right to effective counsel, guaranteed under the Sixth Amendment of the United States, has been violated.

## DISCUSSION
### 1. Law Governing § 2241 petitions

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the Trial Court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only

---

[4] In *Bailey*, the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Because the instant petitioner's claim relates to the enhanced sentence imposed by the Trial Court and does not relate to how his sentence is being executed, his claim is not ordinarily cognizable for this Court under 28 U.S.C. §2241. *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

There is an exception to the general rule, however, which the instant petitioner may be trying to use, and so the Court will examine the exception. 28 U.S.C. §2255, in the fifth paragraph, commonly called the "savings clause," provides an instance when a district court in the place of incarceration may address the merits of a §2255 claim under its 28 U.S.C. §2241 jurisdiction. In the words of the savings clause, §2241 may be used if the petitioner makes a threshold showing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255, ¶5; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the appellate court in this circuit set out the standard which would qualify as the showing necessary for a §2241 petitioner who wishes the court in the district of his/her confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the Trial Court pursuant to §2255.

A petitioner must demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective,." and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. Section 2241 is also not a "catch all" remedy. *Id.* at 758.

7

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence." Factual innocence must be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Martin*, 319 F.3d. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

A petitioner may use § 2241 to challenge his conviction only where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute that petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241.").

Under *Charles*, the remedy under §2255 is not inadequate or ineffective simply because a petitioner has been denied relief under §2255 or permission to file a second or successive §2255 motion. *Charles*, 180 F.3d at 756-58. Section §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

2. § 2241 Law Applied to Allegations of Instant Petition

In the instant case, the petitioner fails to carry his burden of demonstrating the threshold

components required for this Court to entertain his § 2255 claim under its §2241 jurisdiction. Petitioner's first argument, that he was not actively using or employing a firearm in connection with the commission of a crime, lacks merit. *Bailey* was decided in 1995 and the petitioner pled guilty to the offence in 1997. Thus, the law established under *Bailey* would have and should have been known to him in 1997.

In any event, the First Circuit determined on appeal that the petitioner had entered into a knowing and voluntary plea agreement as to his underlying criminal conduct. The First Circuit refused to second guess the Trial Court's factual findings or the manner in which it had weighed the factors. The First Circuit stated: "In this case, we will not second-guess these [the Trial Court's] first-hand observations, especially since the district court's consideration of Solano-Moreta's claims was particularly careful and thorough." *United States v. Solano-Moreta*, 1998 WL 1085815, at *2.

The petitioner next challenges the sufficiency of the evidence relating to his continuing criminal enterprise activity in 1992. First, as the United States noted in its response to the § 2255 motion filed in the Trial Court in 2005, the claim is time-barred because it was not raised on or before March 1, 2000.[5]

Second, the petitioner pleaded guilty to this conduct. Again, the First Circuit examined the petitioner's claims on direct appeal, and his challenges to the Trial Court's refusal to set aside his guilty plea. After careful analysis, the court determined that the challenge lacked merit. *United States v. Solano-Moreta*, 1998 WL 1085815 at *2..

---

[5] Additionally, the petitioner could have asserted this claim in a timely filed § 2255 motion, As noted, the petitioner waited over five years to filed a § 2255 motion. Notwithstanding that the fact that the petition was five years too late, even then the petitioner did not assert any grounds in the motion, including the one challenging his conviction for "CCE" criminal activity in 1992.

9

As to the petitioner's Fifth Amendment claim that his sentence was excessive, the First Circuit rejected his that claim as being without merit. Again noting that the sentence departed from the GSSG for justifiable reasons, the First Circuit concluded as follows: " . . . [Solano-Motera has made no showing that the district court erred in accepting the plea agreement and imposing the 540-month sentence that he acceded to when he signed it. Nor has he made any showing that the court erred in refusing to "mitigat[e]" his sentence."*United States v. Solano-Moreta*, 1998 WL 1085815, at *3.

The petitioner next claims that his Fifth Amendment rights were violated because the essential elements of the continuing criminal enterprise charge were not presented to the Grand Jury in the Indictment [*see* grounds 3 and 4 of § 2241 petition]. Thus, the petitioner asserts a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 124 S.Ct. 2531 (2000).[6]

In challenging his sentence, Petitioner Solano-Moreta does not cite to a retroactively applicable Supreme Court decision which overturns circuit precedent. Although it appears that the petitioner relies on the *Apprendi* rule, the United States Supreme Court has not expressly held that it applies retroactively to cases on collateral review. *In re Clemmons*, 259 F.3d 489 (6th Cir. 2001); *Perkins v. Thoms*, 23 Fed. Appx. 256 (6th Cir.2001). The *Apprendi* ruling simply does not serve as the basis for an actual-innocence claim, in an attempt to fit within the savings clause of §2255. *Bannerman v. Snyder*, 325 F.3d 722 723-724 (6th Cir. 2003).

Other Supreme Court cases which followed in the same vein as *Apprendi*, such as *Blakely v. Washington*, have not been made retroactive on collateral review (*see Blakely*, 124 S.Ct. at 2537-

---

[6] In *Apprendi*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."*Id*., 530 U.S. at 490.

10

41) and does not afford this Court §2241 "savings clause" jurisdiction. *See Schaffner v. Leblanc,* 2004 WL 2370684 at *2 (D. Minn.). A *Blakely* claim is only properly brought in the sentencing court pursuant to 28 U.S.C. §2255. *See Garland v. United States of America*, 2004 WL 1593438 (N.D. Tex. 2004) (unpublished).

Additionally, the Sixth Circuit has now held sentencing implications of *United States v. Booker* 125 S.Ct. 738 (2005), do not apply retroactively to cases on collateral review.[7] *See Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005).

Finally, the petitioner's claim that he has consistently received ineffective assistance of counsel, throughout all of his federal court legal proceedings, lacks merit. First, the petitioner does not indicate that he sought permission, with the appropriate appellate court, to file a second or successive § 2255 motion. Second, the petitioner's argument on this issue again ignores the fact that he entered into an enforceable plea agreement, which the First Circuit refused to set aside on appeal, after thorough evaluation of the arguments presented on appeal.

For these reasons, the petitioner fails to establish that his remedy under § 2255 was inadequate and ineffective. Therefore, this petition for a writ of habeas corpus pursuant to §2241 must be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)  The Clerk is directed to correct the petitioner's last name to reflect that it is

---

[7] *Booker* made the *Apprendi* holding applicable to the federal sentencing guidelines. *Booker*, 125 S. Ct. at 756.

11

actually "**Solano-Moreta**" not "Moreta," and to note the proper designation of his name in the case caption and all further docket entries in this proceeding.

(2) Petitioner Jorge J. Solano-Moreta's s petition for a writ of habeas corpus [Record No. 2] is **DENIED**;

(3) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 4th day of February, 2008.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge